IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUSANA LYON**
c/o Heartlands of Marysville
755 South Plum Street
Marysville, OH 43040

       Plaintiff,                    Case No. 18-279

vs.

**UNITED STATES OF AMERICA**        **AFFIDAVITS OF MERIT**
c/o Benjamin C. Glassman              **ATTACHED**
303 Marconi Blvd
#200
Columbus, OH 43215

       Defendant,

**COMPLAINT**

Now comes Plaintiff Susanna Lyon, by and through counsel, and for her cause of action states as follows:

**PARTIES**

1.    At all times relevant herein, Plaintiff Susanna Lyon was a resident of Hilliard in Franklin County, Ohio.

2.    At all times relevant herein, Lower Lights Christian Health Center was a federally supported health center, with its principal place of business in Columbus, Franklin County, Ohio that employed physicians, physician assistants, nurses, technicians, and other personnel, including but not limited to Jennifer J. Hartman, M.D. (hereinafter referred to as Dr. Hartman) to evaluate, care

for, and treat patients.  Lower Lights Christian Health Center was a covered entity deemed an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a).

3. At all times relevant herein, Dr. Hartman was acting within the scope and course of her employment as deemed employees of the Public Health Service for purposes of 42 U.S.C. § 233(a).

## JURISDICTION AND VENUE

4. By enactment of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671, *et seq.*, Congress waived the United States' immunity from suit for certain tort actions and vested federal district courts with exclusive jurisdiction over civil actions or claims against the United States for negligent and wrongful acts or omissions of federal employees and officers acting within the scope of their employment and office.

5. Prior to filing a lawsuit in federal district court under the FTCA, an administrative tort claim must be filed with the appropriate agency pursuant to 28 U.S.C. § 2675(a).

6. More than six months have elapsed since the administrative tort claim was filed and the agency closed its file.  Thus, the administrative tort claim is deemed to have been denied by operation of the FTCA and Plaintiffs have filed this action.

7. Further, pursuant to 28 U.S.C. § 1332(b), Plaintiffs have suffered damages in excess of $75,000, and jurisdiction is therefore proper in this Court.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims herein occurred in Clermont County, which is in the Western Division of the Southern District of Ohio pursuant to 28 U.S.C. § 115(b)(1).

**SERVICE OF PROCESS**

9. Service of process is permitted on Defendant United States of America by virtue of Rule 4(i)(1) of the Federal Rules of Civil Procedure.

**COMMON FACTUAL ALLEGATIONS**

10. On or about May 27, 2015, Plaintiff Susana Lyon initially presented to Lower Lights Christian Health Center with a history of GERD and tachycardia. Plaintiff was examined by Dr. Hartman who noted her weight as 368 pounds.

11. On or about October 22, 2015, Plaintiff Susana Lyon returned to see Dr. Hartman with symptoms of gastroparesis, which were noted to have begun a year earlier and were severe and occurring daily. Plaintiff's weight was noted as 338 pounds.

12. Plaintiff's condition continued to worsen and by the time she presented to Dr. Hartman on November 16, 2015, her weight was down to 315.40 pounds. Plaintiff reported that she had had no food for the previous 16 days due to abdominal pain and nausea/vomiting, was unable to urinate because she had only one bottle of water to drink in the previous four days, and had become increasingly short of breath.

13. On or about November 24, 2015, Plaintiff Susana Lyon presented to the emergency department at Riverside Methodist Hospital, reporting that she had not been able to keep water down for the previous four days, though she had been able to keep her pills down. She also reported she had intractable vomiting with nausea and had not been able to eat for 24 days. She reported that over the previous two months she had been in and out of the emergency department, where she received IV fluids and felt better. She reported dizziness and was prescribed Antivert for that complaint. She also had hypomagnesmia for which she was given a replacement.

3

14. Plaintiff Susana Lyon was admitted to Riverside Methodist Hospital on November 24, 2015, under the care of Dr. Douglas Rethman, Dr. Jaykumar Menon, Dr. Brian Torma, Suzanne Scholl, CNP, and Kristin Roshon, CNP. She was discharged on December 7, 2015.

15. On or about December 9, 2015, Plaintiff Susana Lyon returned to the emergency department at Riverside Methodist Hospital with persistent nausea and positional vertigo with spinning, as well as diplopia and blurred vision. She also had very low potassium (2.5) and required replacement. She complained of a fall, weakness, and parethesias.

16. Plaintiff was admitted to Riverside Methodist Hospital on December 9, 2015. Dr. David Sypert took a history and physical, noting a mild horizontal nystagmus on lateral gaze, bilaterally. During this admission, Plaintiff Susana Lyon was under the care of Dr. Blasé Hennessy. A consult with a dietician was ordered and evidence of malnutrition was discovered. Plaintiff's folate level was 2.5 (3.1-17.5 is normal), and replacement was ordered. A thiamine level was not ordered.

17. Dr. Hennessy also ordered a neurology consulted to Dr. Jennifer Mejilla. Plaintiff Susana Lyon was discharged from Riverside Methodist Hospital on December 15, 2015.

18. On December 16, 2015, Plaintiff Susana Lyon returned to see Dr. Hartman at Lower Lights Christian Health Center. By then, her weight was down to 299.2 pounds, and she was experiencing persistent worsening weakness, with symptoms of gait disturbance, numbness, and vertigo. Despite Plaintiff's significant unintentional weight loss, Dr. Hartman did not draw labs, including thiamine and other B vitamins, or obtain a thyroid level.

19. On or about December 21, 2015, Plaintiff presented to the emergency department at Riverside Methodist Hospital and was admitted under the care of Dr. Daniel Morrow and Dr.

4

Mu Chun Tsai. Dr. Mu Chun Tsai ordered a neurology consulted with Dr. Kristin Johnson. Barbara Dickson, CNP ordered a B1 level on December 23, 2015, but it was not reported until after she had already been discharged from Riverside.

20. Upon her discharge from Riverside Methodist Hospital on December 23, 2015, Plaintiff Susana Lyon was admitted to Altercare of Hilliard, an extended care facility, where she was under the care of Dr. Daniel Miller. On December 28, 2015, the results of the B1 level done on December 23, 2015 were reported to Dr. Daniel Miller and Altercare at 20 (70-180 normal). An order for a multivitamin was placed on December 28, 2015.

21. On or about January 15, 2016, Plaintiff Susana Lyon was finally taken to see another neurologist, Dr. Yixin Lin, who immediately admitted Plaintiff to The Ohio State University Wexner Medical Center for further workup and treatment, including administering IV vitamins. Plaintiff Susana Lyon was ultimately referred to a neurologist, Dr. Adam Quick, and diagnosed with severe nutritional deficiency (B12, thiamine, folate) and Wernicke-Korsakoff syndrome (hereinafter referred to as Wernicke's), leading to severe peripheral neuropathy.

22. As a result of Defendants' failure to order vitamin replacement , including but not limited to, vitamin B1 (thiamine) replacement, Plaintiff Susana Lyon developed Wernicke's and suffered permanent neurological injury. Plaintiff Susana Lyon now lives in a nursing home, at the age of 34.

23. Plaintiff Susana Lyon was suffered brain injury as a result of her vitamin deficiency and became capable of making decisions after May 27, 2016.

## PLAINTIFFS' CAUSE OF ACTION
### [Medical Negligence]

24. Plaintiffs incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 23.

25. The defendants, jointly and severally, fell below the accepted standard of care, skill and diligence for health care providers and medical provider employees in Ohio or other similar communities in their diagnostic care and medical treatment of Plaintiff Susana Lyon. Specifically, Defendants, individually and by and through their physicians, nurses, technicians, aides, administrators, staff and employees, were negligent and not reasonably careful in their care and treatment of Plaintiff under the circumstances and thus failed to meet the accepted standard of care, skill, and diligence when Plaintiff presented with significant unintentional weight loss, complaints of nausea and vomiting, and neurologic symptoms by failing to order IV thiamine, and failing to order oral multivitamins. Defendants were negligent in other respects as well.

26. As a direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff Susana Lyon developed vitamin deficiency, including thiamine deficiency, leading to Wernicke's. As a further direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff has suffered severe and permanent neurologic deficits including, but not limited to, difficulties with her balance and gait, requiring rehabilitation. Defendants' negligence has caused Plaintiff Susana Lyon to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, loss of income, and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

27. The care and treatment rendered to Plaintiff Susana Lyon by the named Defendants, employees and/or agents of Lower Lights Christian Health Center, including but not limited to Dr. Hartman, was negligent and fell below the accepted standards of care, skill, and diligence for physicians, nurses, aides, technicians, administrators, and other health care personnel, thus causing Defendant to breach its duty of care owed to said Plaintiff.

28. By virtue of the doctrine of *respondeat superior*, Defendant United States of America, is liable for the negligent acts and omissions of the employees and/or agents of Lower Lights Christian Health Center, including, but not limited to, Dr. Hartman.

29. As a direct and proximate result of the failure of the employees and/or agents of Lower Lights Christian Health Center to discharge its duty of care owed to Plaintiff Susana Lyon, and its failure to meet the accepted standards of care, skill, and diligence, Defendant employees and/or agents failed to timely diagnose Plaintiff Susana Lyon's vitamin deficiency, failing to draw levels for thiamine and other B vitamins, by failing to check thyroid function, by failing to order IV thiamine, and failing to order oral multivitamins.  The negligence of Lower Lights Christian Health Center's employees and/or agents, including but not limited to Dr. Hartman, has caused Plaintiff Susana Lyon to suffer extensive and permanent deficits, resulting in increased physical pain, mental anguish, and extreme emotional distress, medical care and treatment, associated medical costs, loss of income, loss of earning capacity, as well as the loss of enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

**DEMAND**

**WHEREFORE,** Plaintiff Susana Lyon demands judgment against the United States of America on all claims presented herein as to medical negligence, and an award of compensatory, consequential, incidental, special, and medical damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) together with attorney fees and costs herein expended and such other relief as may be just and appropriate in this case.

Respectfully submitted,

 s/David I. Shroyer
David I. Shroyer (0024099)
Mollie Slater (0087765)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street, 2nd Floor
Columbus, Ohio  43215
T:  (614) 228-6453
F:  (614) 228-7122
Email: dshroyer@csajustice.com
*Attorneys for Plaintiff*